# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

|  |  |  |
|---|---|---|
| GLORIA RODRIGUEZ, as Independent Administrator of the Estate of PAUL J. SWIDER, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 2:09-CV-132-TS |
| CITY OF HAMMOND, et al., | ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

The Defendants City of Hammond, Hammond Chief of Police Brian Miller, and police officers Michael Atherton and Dan Young (Jointly the "Hammond Defendants) have moved for this case to be dismissed pursuant to Federal Rule of Civil Procedure 41 on grounds that the Plaintiff has failed to prosecute the matter, including failing to obtain counsel as ordered by the Court. The Plaintiff has not filed a response.

The Plaintiff initiated this lawsuit on May 6, 2009. During the course of discovery, the Plaintiff failed to provide timely discovery responses despite the Defendants' repeated communications to her counsel. The Plaintiff's conduct required the Defendant to seek relief from the Court and modification of the discovery schedule. Subsequently, the Plaintiff's counsel informed her that they could no longer represent her and turned the case file over to the Plaintiff. On October 6, 2010, the Court granted the counsel's request to withdraw their representation of the Plaintiff and advised the Plaintiff that because she was the administrator of the estate of her deceased husband she could not proceed without legal counsel unless she first demonstrated that she was the sole beneficiary of the estate. (10/06/10 Opinion and Order, Ecf No. 47.) The Court

directed that by November 5, the Plaintiff either obtain new counsel to formally represent her, request an extension of time to obtain counsel and advise the Court of her efforts to obtain counsel, or demonstrate that she is the sole beneficiary of the estate. The Court warned that "[f]ailure to comply with this Order may result in dismissal of this lawsuit." (10/06/10 Opinion and Order 3.) The Court set a status conference with regard to attorney representation for November 18 and ordered the Plaintiff to be present in person at the conference. The Plaintiff did not obtain counsel, advise the Court of her efforts to obtain counsel, seek an extension, or attempt to demonstrate that she was the sole beneficiary of the estate before the November 18 conference. On November 18, the Plaintiff failed to appear at the in-person status conference, and the Court's attempts to reach her telephonically were unsuccessful. The Defendants have still not received adequate discovery responses or been able to depose witnesses or gather further records from non-party record providers. Moreover, the Plaintiff has remained without a licensed attorney to represent her for more than four months since her previous counsel provided her with notice that they were no longer able to represent her, for more than two months since the Court granted counsel's request to withdraw, and for more than one and one-half months past the deadline the Court provided to secure new counsel.

Federal Rules of Civil Procedure 41(b) provides for dismissal of a plaintiff's case for failure to prosecute or to comply with the federal rules or any court order. The Seventh Circuit has summarized the factors that are relevant to the decision whether to dismiss a suit under Rule 41(b):

> [F]requency and magnitude of the plaintiff's failures to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel and therefore the appropriateness of sanctioning the plaintiff's lawyer rather than the plaintiff, the effect of the failures

in taxing the judge's time and disrupting the judge's calendar to the prejudice of other litigants, the prejudice if any to the defendant from the plaintiff's dilatory conduct, the probable merits of the suit, and (what is closely related) the consequences of dismissal for the social objectives of the type of litigation that the suit represents. There is no "grace period" before dismissal for failure to prosecute is permissible and no requirement of graduated sanctions, but there must be an explicit warning before the case is dismissed.

*Ball v. City of Chi.*, 2 F.3d 752, 759–60 (7th Cir. 1993); *see also Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000) (holding that ordinary misconduct, as opposed to "egregious misconduct," can be punished by dismissal only after a warning and after the judge determines that dismissal is an appropriate sanction upon considering the possible merit of the underlying suit, the gravity of the misconduct, and the prejudice to the defendant).

The Plaintiff has not taken any action in this case since her counsel withdrew more than two months ago. She failed to obtain new counsel, to appear at a scheduled hearing, or to contact the Court to explain her failure to comply with the Court's orders. Even before counsel withdrew, the Plaintiff failed to comply with discovery deadlines, provide complete answers to discovery requests, or cooperate in the scheduling of depositions, including her own. Although some of the failures came while the Plaintiff was represented by counsel, her actions of the past two months cannot be attributed to counsel. The Plaintiff's repeated failures to participate in discovery or cooperate with scheduling depositions prejudices the Defendants and their efforts to file dispositive motions or prepare for trial. The Plaintiff's failure to appear at a scheduled in-person conference disrupts the Court's calendar to the prejudice of other litigants. The Plaintiff's failure to obtain counsel makes continued prosecution of this matter, in its current state, improper. *See Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) (holding that an administrator that was not the sole beneficiary of an estate could not represent the estate in court

and giving the estate sixty days to secure counsel or face dismissal of its appeal); *see also* N.D. Ind. L.R. 83.5 (setting forth requirements regarding representation by attorney). Moreover, the lack of any effort to obtain counsel or to appear at a scheduled hearing came after an explicit warning by the court that dismissal could occur if she did not secure new counsel or otherwise respond to the Court's order.

For the foregoing reasons, the Court GRANTS the Hammond Defendants' Motion to Dismiss [ECF No. 49]. This matter is dismissed pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED on December 28, 2010.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION